## Bliss, Appellant *v.* Pittsburgh Railways Co.

*Negligence—Street railways—Trespasser.*

In an action against a street railway company to recover damages for personal injuries sustained by the plaintiff while walking on a trestle on defendant's private right of way, a non-suit is properly entered, where it appears that the plaintiff could easily have gotten to a place of safety before he was struck by stepping on cross-beams at either side of the track, and that the motorman did all that he could do to stop the car when he found the plaintiff was making no attempt to avoid a collision by doing what he would naturally be supposed to do.

Argued, Nov. 1, 1911. Appeal, No. 210, Oct. T., 1911, by plaintiff from order of C. P. No. 4, Allegheny Co., Second Term 1909, No. 379, refusing to take off non-suit in case of George W. Bliss v. Pittsburgh Railways Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARNAHAN, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off non-suit.

*H. Fred Mercer,* for appellant.—The fact that the plaintiff placed himself on the bridge does not relieve the defendant from liability for injuring him. The defendant was under a duty not to run him down and to stop its car before the car struck him: Kay v. Penna. R. R. Co., 65 Pa. 269; Walsh v. Rys. Co., 221 Pa. 463; Enright v. R. R. Co., 198 Pa. 166; Barre v. Reading City Pass. Ry. Co., 155 Pa. 170; Clemans v. Ry. Co., 128 Ia. 394 (104 N. W. Repr. 431); Remer v. R. R. Co., 36 Hun 253; Christian v. R. R. Co., 71 Miss. 237 (15 So. Repr. 71).

In this case the right of the plaintiff to recover is based upon the gross negligence or wanton conduct of the defendant. When the gross negligence of the defendant is the proximate cause of the injury, contributory negligence is not available to the defendant as a defense: Bard v. Phila. & Reading Ry. Co., 199 Pa. 94; Marfilues v. Phila. & Reading Ry. Co., 227 Pa. 281; Pollack v. R. R. Co., 210 Pa. 631; Enright v. R. R. Co., 198 Pa. 166; Fenner v. Traction Co., 202 Pa. 365; Lackawanna & Bloomsburg R. R. Co. v. Chenewith, 52 Pa. 382.

*Craig Smith*, with him *Clarence Burleigh* and *William A. Challaner*, for appellee.—The plaintiff was a wilful, conscious and deliberate trespasser upon this railroad and only entitled to protection against wantonness: Brague v. Ry. Co., 192 Pa. 242; Kaseman v. Sunbury Borough, 197 Pa. 162; R. R. v. Norton, 24 Pa. 465; Baltimore & Ohio R. R. v. Schwindling, 101 Pa. 258; Mulherrin v. Del. Lack. & West. R. R. Co., 81 Pa. 366; Morrissey v. Eastern R. R. Co., 126 Mass. 377; Bailey v. Lehigh Valley R. R. Co., 220 Pa. 516.

OPINION BY MR. CHIEF JUSTICE FELL, January 2, 1912:

The plaintiff was struck by a car of the defendant on a trestle on its private right of way. He sought to recover damages on the ground that he was injured by the wanton act of the motorman in not stopping the car. A non-suit was entered for the reason, stated by the court, that the plaintiff could have easily got to a place of safety by stepping on cross beams at either side of the track and that the motorman did all he could to stop the car when he found the plaintiff was making no attempt to avoid a collision by doing what he would naturally be supposed to do.

There was no dispute at the trial in relation to the proposition so strenuously and elaborately argued in behalf of the appellant that there is a duty to a trespasser not to injure him intentionally or wantonly to expose

him to danger. This was conceded, but it was denied that the facts proved, or any reasonable inference that could be drawn from them, would sustain a finding by the jury, that the motorman acted recklessly or wantonly or failed in any duty owing a person who was unlawfully on the track.

At some distance from the place of the accident, the tracks of the defendant's electric railway are turned from a public road, in a rural district, onto its private right of way, that is fenced on either side and extends through open fields. On this way there was a trestle about one thousand feet in length. The track was laid on cross ties that rested on girders that were supported by cross beams attached to heavy upright posts. The cross beams were eighteen or twenty feet apart and extended on either side a foot and a half or two feet beyond the ends of the ties. The plaintiff and a companion turned from the public road and walked on the ties between the rails for their own convenience. They were wilful and deliberate trespassers. When about half way across the trestle, they heard a car approaching some six hundred feet away, and signaled the motorman by raising their hands. He signalled them by waving his hand to get off at the sides, and afterwards slackened the speed of the car. One of the men moved to a place of safety on the end of a cross beam; the other, the plaintiff, apparently did not attempt to get off the track until the car was near him, and then stepped on the end of a tie, but not down on the cross beam. The car was stopped within thirty feet of the place of the accident. These facts did not indicate a wanton disregard of the plaintiff's safety by the motorman. When he saw the men and knew that they saw him, they were six hundred feet in front of his car, and not more than ten feet from a cross tie on which they could step. He signalled them to get off the track, and slowed the speed to enable them to do so. He saw one step to a place of safety and he could reasonably assume that the other would do so.

The most that could be said in criticism of his conduct is that he erred in assuming that the plaintiff would act with reasonable prudence.

The judgment is affirmed.